UNITED STATES DISTRICT COURT
SOUTHERN DISTRICY OF NEW YORK
------------------------------------------------------------------------X    1:16-cv-6468
TERRYANN PETERS, RAJIEF RAGLAN, and
JAVARRE BROWN
                Plaintiffs,    **COMPLAINT**

                                                                                 Jury Trial Demanded

                - against -

POLICE OFFICER MATTHEW MANCHESTER,
POLICE OFFICER CHARLES GOVE,
POLICE SERGEANT DAVON ALSTON,
POLICE SERGEANT KEITH LALIBERTE,
POLICE LIEUTENANT JAVIER VALENTIN,
POLICE OFFICER MELANIE CULPEPPER,
POLICE OFFICER HELEN SKIRCHAK,
POLICE OFFICER JAMES LEE, and
POLICE OFFICERS "JOHN DOE" #1-8 (the name
John Doe being fictitious, as the true names are
presently unkown), each Individually and in their
Official Capacities

                Defendants.
------------------------------------------------------------------------X

       Plaintiffs TERRYANN PETERS, RAJIEF RAGLAN, and JAVARRE BROWN, by their attorney, JAY HEINRICH of THE HEINRICH LAW GROUP, P.C., each complain of the defendants herein and allege, upon information and belief, as follows:

### NATURE OF THE CASE

1. This is a civil rights action to recover money damages arising out of, and to redress, the defendants' violation of the rights accorded to each of the Plaintiffs by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Plaintiffs, while lawfully present inside of 730 East 221st Street, in the County of the Bronx, State of New York, were falsely arrested, falsely imprisoned, maliciously prosecuted, and

subjected to excessive force by the defendants, officers of the New York City Police Department. Plaintiffs were deprived of their constitutional rights when the individual defendants unlawfully confined each plaintiff, caused the unjustifiable arrest of each plaintiff, maliciously prosecuted plaintiff Rajief Raglan, and subjected plaintiffs Rajief Raglan and Terryann Peters to excessive force.

3. Because the defendants knowingly and intentionally violated the plaintiffs' clearly established rights, they are not entitled to qualified immunity. By this action, the plaintiffs are demanding compensatory damages for the harms they have suffered as a result of the defendants' unlawful actions, punitive damages to punish and deter the defendants from engaging in similar unlawful actions in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiffs demand trial by jury.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

5. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this district.

6. There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

## PARTIES

7. Plaintiff Terryann Peters is a citizen of the United States, who, at all times relevant herein, resided in the County of the Bronx, City and State of New York.

8. Plaintiff Rajief Raglan is a citizen of the United States, who, at all times relevant herein,

resided in the County of the Bronx, City and State of New York.  Plaintiff Rajief Raglan, whose date of birth is July 4, 1998, was fifteen (15) years old at the time of the incidents recounted in this action.

9. Plaintiff Javarre Brown is a citizen of the United States, who, at all times relevant herein, resided in the County of the Bronx, City and State of New York.

10. Defendant Police Officer MATTHEW MANCHESTER, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officer MATTHEW MANCHESTER was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466.  Defendant Police Officer MATTHEW MANCHESTER personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officer MATTHEW MANCHESTER was acting under color of state law and in the scope of his employment with the NYPD.  Defendant Police Officer MATTHEW MANCHESTER is being sued in his individual and official capacity under 42 U.S.C. § 1983.

11. Defendant Police Officer CHARLES GOVE, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officer CHARLES GOVE was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466.  Defendant Police Officer CHARLES GOVE personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officer CHARLES GOVE was acting under color of state law and in the scope of his employment with the NYPD.  Defendant Police Officer CHARLES GOVE is being sued in his individual and official

capacity under 42 U.S.C. § 1983.

12. Defendant Police Sergeant DAVON ALSTON, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant hereto, Defendant Police Sergeant DAVON ALSTON was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466. Defendant Police Sergeant DAVON ALSTON personally participated in the unlawful police activity that is the subject of this action. At all relevant times, Defendant Police Sergeant DAVON ALSTON was acting under color of state law and in the scope of his employment with the NYPD. Defendant Police Sergeant DAVON ALSTON is being sued in his individual and official capacity under 42 U.S.C. § 1983.

13. Defendant Police Sergeant KEITH LALIBERTE, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant hereto, Defendant Police Sergeant KEITH LALIBERTE was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466. Defendant Police Sergeant KEITH LALIBERTE personally participated in the unlawful police activity that is the subject of this action. At all relevant times, Defendant Police Sergeant KEITH LALIBERTE was acting under color of state law and in the scope of his employment with the NYPD. Defendant Police Sergeant KEITH LALIBERTE is being sued in his individual and official capacity under 42 U.S.C. § 1983.

14. Defendant Police Lieutenant JAVIER VALENTIN, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant hereto, Defendant Police Lieutenant JAVIER VALENTIN was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx,

New York, 10466.  Defendant Police Lieutenant JAVIER VALENTIN personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Lieutenant JAVIER VALENTIN was acting under color of state law and in the scope of his employment with the NYPD.  Defendant Police Lieutenant JAVIER VALENTIN is being sued in his individual and official capacity under 42 U.S.C. § 1983.

15. Defendant Police Officer MELANIE CULPEPPER, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officer MELANIE CULPEPPER was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466.  Defendant Police Officer MELANIE CULPEPPER personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officer MELANIE CULPEPPER was acting under color of state law and in the scope of her employment with the NYPD.  Defendant Police Officer MELANIE CULPEPPER is being sued in her individual and official capacity under 42 U.S.C. § 1983.

16. Defendant Police Officer HELEN SKIRCHAK, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officer HELEN SKIRCHAK was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466.  Defendant Police Officer HELEN SKIRCHAK personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officer HELEN SKIRCHAK was acting under color of state law and in the scope of her employment with the NYPD.  Defendant Police Officer HELEN SKIRCHAK is being sued in her individual and official capacity under 42 U.S.C. § 1983.

17. Defendant Police Officer JAMES LEE, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officer JAMES LEE was assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466.  Defendant Police Officer JAMES LEE personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officer JAMES LEE was acting under color of state law and in the scope of his employment with the NYPD.  Defendant Police Officer JAMES LEE is being sued in his individual and official capacity under 42 U.S.C. § 1983.

18. Defendant Police Officers JOHN DOE #1-8, are and were at all times relevant hereto, employees of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officers JOHN DOE #1-8 were assigned to Patrol Borough Bronx Task Force and/or the 47th Precinct, located at 4111 Laconia Avenue, Bronx, New York, 10466.  Defendant Police Officers JOHN DOE #1-8 personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officers JOHN DOE #1-8 were acting under color of state law and in the scope of their employment with the NYPD.  Defendant Police Officers JOHN DOE #1-8 are being sued in their individual and official capacity under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

19. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "18" of this Complaint with the same force and effect as if fully set forth herein.

20. On the evening of August 14, 2013, plaintiffs Terryann Peters and her brother, Rajief

Raglan, were among a number of people in front of 730 East 221st Street, Bronx, New York, the building were they reside with their mother, Vermalee Raglan, where an informal vigil was being held for a young man from the neighborhood who had recently been killed.

21. Plaintiff Terryann Peters had recently had foot surgery and was ambulatory only with the use of crutches.  She was mostly sitting on a lawn chair in front of her building.

22. At some time around 10:00 p.m. on August 14, 2013, the police unlawfully arrested Ms. Peters husband, Rennel Powell, for allegedly marking graffiti on a US Postal Service Mailbox in front of 728 East 221st Street.  Mr. Powell, who had only just walked to the vigil from down the block, denied any such wrongdoing, and when others began to question the police about the arrest of Mr. Powell the police began to disperse the group that had gathered telling everyone to 'go home'.

23. Ms. Raglan, while obviously upset that her husband was being arrested for no reason, was obeying the police directives and was making her way in to her building.  Being on crutches, however, made her progress slower than the officers wanted.

24. Rajief Raglan had entered the building, 730 East 221st Street, ahead of his sister, Ms. Peters.

25. Both Rajief Raglan and Terryann Peters were inside the vestibule of their building when an officer, upon information and belief, defendant Police Officer Melanie Culpepper or another defendant Police Officer John Doe, yelled "hurry up, bitch!"

26. Upon hearing his sister defamed and cursed at, plaintiff Rajief Raglan opened the door from the vestibule of 730 East 221st Street, and shouted back, "don't call my sister a bitch."

27. Whereupon, what appeared to be nearly the entire 47th precinct and/or the Patrol Borough Bronx Task Force, entered the vestibule and front hallway of 730 East 221st Street.

28. Plaintiff Terryann Peters, who was continuing up the stairs of the vestibule of 730 East

221st Street, was tackled, punched and had some of her hair pulled out by defendant Police Officer Matthew Manchester, defendant Police Sergeant Keith Laliberte, defendant Police Officer Melanie Culpepper and other defendant Police Officers John Doe.

29. Plaintiff Rajief Raglan was already beyond the vestibule and was moving farther in to the building, 730 East 221st Street, when he was tackled and beaten by defendant Police Officers John Doe and defendant Police Officer Charles Grove used a chokehold on him.

30. Upon information and belief, Defendant Police Sargent Keith Laliberte directed and authorized other officers, including defendant Police Officer Charles Gove and other defendant Police Officers John Doe to arrest plaintiff Rajief Raglan.

31. Upon information and belief, Defendant Police Sargent Keith Laliberte directed and authorized other officers, including defendant Police Officer Mathew Manchester, defendant Police Officer Helen Skirchak, defendant Police Officer James Lee, and other defendant Police Officers John Doe to arrest plaintiff Terryann Peters.

32. Plaintiff Javarre Brown had been on his way out of the building, 730 East 221st Street, and was in the hallway headed towards the vestibule when the scrum made its way towards him. Upon information and belief, defendant Police Lieutenant Javier Valentin directed and authorized other officers, including defendant Police Sergeant Davon Alston and other defendant Police Officers John Doe to arrest plaintiff Javarre Brown.

33. Plaintiffs had not engaged in and were not engaged in any criminal activity.

34. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiffs.

35. Plaintiffs Terryann Peters, Rajief Raglan and Javarre Brown were subsequently transported to the 47th Precinct where they were imprisoned.

36. Plaintiffs Terryann Peters and Javarre Brown were subsequently transported to Bronx Central Booking, where they continued to be imprisoned.

37. Plaintiff Rajief Raglan was subsequently transported for processing in the Family Court. Plaintiff Rajief Raglan was, upon information and belief, brought before a judge of the Family Court early on August 15, 2013. Plaintiff Rajief Raglan was forced to return to Family Court a number of times before the charges brought against him were dismissed in their entirety.

38. Plaintiffs Terryann Peters and Javarre Brown remained imprisoned until 1:00 a.m. on August 16, 2013, when they were arraigned before of judge of the Criminal Court of the City of New York, Bronx County, and were released on their own recognizance.

39. On or about January 9, 2014, the criminal charges brought against plaintiff Terryann Peters and plaintiff Javarre Brown were adjourned in contemplation of dismissal.

**FIRST CAUSE OF ACTION
DEPRIVTION OF RIGHTS UNDER
THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**
(All Plaintiffs)

40. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "39" of this Complaint with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned individual defendants in

their capacities as police officers employed by the NYPD and with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of defendants' unconstitutional conduct, plaintiffs suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering, and other compensable injuries, for which they are entitled to an award of compensatory damages.

47. Plaintiffs are entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## SECOND CAUSE OF ACTION
## FALSE ARREST/FALSE IMPRISONMENT UNDER 42 U.S.C. §1983
(All Plaintiffs)

48. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "47" of this Complaint with the same force and effect as if fully set forth herein.

49. As alleged above, the plaintiffs were seized, detained, arrested, and imprisoned by defendants.

50. The defendants intended to, and did, confine the plaintiffs.

51. Plaintiffs were conscious of the confinement.

52. Plaintiffs did not consent to the confinement.

53. The confinement of plaintiffs was not otherwise privileged.

54. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification for plaintiffs' seizure, detention, arrest, and imprisonment by the defendants.

55. Defendants are not entitled to qualified immunity for wrongly seizing, detaining, arresting, and imprisoning plaintiffs.

56. Defendants' actions violated plaintiffs' clearly established rights under the Fourth Amendment.

57. It was not objectively reasonable for defendants to believe that their actions did not violate plaintiffs' rights.

58. Defendants acted with intentional, knowing, callous, and/or reckless indifference to plaintiffs' rights.

59. As a result of defendants' unconstitutional conduct, plaintiffs suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering, and other compensable injuries, for which they are entitled to an award of compensatory damages.

60. Plaintiffs are entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

### THIRD CAUSE OF ACTION
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983
(Plaintiff Terryann Peters and Plaintiff Rajief Raglan)

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs

numbered "1" through "60" of this Complaint with the same force and effect as if fully set forth herein.

62. Defendant Police Officer Matthew Manchester, defendant Police Sergeant Keith Laliberte, defendant Police Officer Melanie Culpepper and other defendant Police Officers John Doe used excessive and unreasonable force against plaintiff Terryann Peters.

63. The level of force used by these defendants against plaintiff Terryann Peters was objectively unreasonable.

64. The use of excessive force by these defendants deprived plaintiff Terryann Peters of her right to be secure in her person.

65. Defendant Police Officer Matthew Manchester, defendant Police Sergeant Keith Laliberte, defendant Police Officer Melanie Culpepper and other defendant Police Officers John Doe were acting under color of state law when they used excessive force against plaintiff Terryann Peters.

66. Defendant Police Officer Matthew Manchester, defendant Police Sergeant Keith Laliberte, defendant Police Officer Melanie Culpepper and other defendant Police Officers John Doe deprived plaintiff Terryann Peters of her right to be secure in her person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against her.

67. As a result of the defendants' use of excessive force, plaintiff Terryann Peters sustained physical injuries.

68. As a result of the defendants use of excessive force, plaintiff Terryann Peters experienced pain, physical and emotional distress, as well as hardship and anxiety.

69. Defendant Police Officers John Doe and defendant Police Officer Charles Gove used excessive and unreasonable force against plaintiff Rajief Raglan.

70. The level of force used by these defendants against plaintiff Rajief Raglan was objectively unreasonable.

71. The use of excessive force by these defendants deprived plaintiff Rajief Raglan of his right to be secure in her person.

72. Defendant Police Officers John Doe and defendant Police Officer Charles Gove were acting under color of state law when they used excessive force against plaintiff Rajief Raglan.

73. Defendant Police Officers John Doe and defendant Police Officer Charles Gove deprived plaintiff Rajief Raglan of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

74. As a result of the defendants' use of excessive force, plaintiff Rajief Raglan sustained physical injuries.

75. As a result of the defendants use of excessive force, plaintiff Rajief Raglan experienced pain, physical and emotional distress, as well as hardship and anxiety.

76. As a result of defendants' unconstitutional conduct, plaintiffs Terryann Peters and Rajief Raglan each suffered physical pain and suffering, loss of liberty, insult and embarrassment, emotional pain and suffering, and other compensable injuries, for which they are each entitled to an award of compensatory damages. Plaintiffs are entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983
(Plaintiff Rajief Raglan)

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs

numbered "1" through "76" of this Complaint with the same force and effect as if fully set forth herein.

78. Defendant Police Sargent Keith Laliberte and defendant Police Officer Charles Gove initiated a criminal prosecution against plaintiff Rajief Raglan.

79. Defendant Police Sargent Keith Laliberte and defendant Police Officer Charles Gove lacked probable cause to charge plaintiff Rajief Raglan with any criminal offense.

80. The prosecution was terminated in plaintiff Rajief Raglan's favor.

81. Plaintiff Rajief Raglan suffered a deprivation of liberty within the meaning of the Fourth Amendment because he was required to appear in court in connection with the criminal charges a number of times.

82. Defendant Police Sargent Keith Laliberte and defendant Police Officer Charles Gove are not entitled to qualified immunity for maliciously prosecuting plaintiff Rajief Raglan.

83. Defendant Police Sargent Keith Laliberte's and defendant Police Officer Charles Gove's actions violated plaintiff Rajief Raglan's clearly established rights under the Fourth Amendment.

84. It was not objectively reasonable for defendant Police Sargent Keith Laliberte and defendant Police Officer Charles Gove to believe that their actions did not violate plaintiff Rajief Raglan's rights.

85. Defendant Police Sargent Keith Laliberte and defendant Police Officer Charles Gove acted with intentional, knowing, callous, and/or reckless indifference to plaintiff Rajief Raglan's rights.

86. As a result of Defendant Police Sargent Keith Laliberte's and defendant Police Officer Charles Gove's unconstitutional conduct, plaintiff Rajief Raglan suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages. Plaintiff

Rajief Raglan is entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## DEMAND FOR JURY TRIAL

87. Pursuant to Federal Rue of Civil Procedure 38, plaintiffs hereby demand a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs TERRYANN PETERS, RAJIEF RAGLAN, and JAVARRE BROWN respectfully request judgment against defendants as follows:

- A. Awarding compensatory damages in an amount no less than $1,000,000;
- B. Awarding punitive damages in an amount no less than $1,000,000;
- C. Awarding pre-judgment and post-judgment interest as allowed by law;
- D. Awarding reasonable attorney's fees, costs and disbursements, including the fees and costs of experts, incurred in prosecuting this action; and
- E. Granting such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
August 14, 2016

By: /s/ Jay Heinrich
JAY HEINRICH (JH 0629)
THE HEINRICH LAW GROUP, P.C.
*Attorney of Plaintiff*
189 East 163rd Street
Bronx, New York 10451
(718) 588-4400
jh@heinrichlawgroup.com